UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

___

LANCER INSURANCE COMPANY,

      Plaintiff,

vs.                                           Case No.

PERSONALIZED COACHES, INC.,
CHRISTOPHER J. KOLENO, and
ESTATE OF CHRISTOPHER A. KOLENO, SR.,

      Defendants.

___

**COMPLAINT FOR DECLARATORY JUDGMENT**
___

Plaintiff, Lancer Insurance Company ("Lancer"), by and through its attorneys, for its Complaint for Declaratory Judgment against the defendants, Personalized Coaches, Inc. ("Personalized"), Christopher J. Koleno, and the Estate of Christopher A. Koleno, Sr., states as follows:

**I.**

**INTRODUCTION AND PARTIES**

1. Lancer is an insurance company incorporated under the laws of the State of Illinois with its principal place of business located in Long Beach, New York.

2. Personalized is a company incorporated under the laws of the State of Wisconsin with its principal place of business located in Waldo, Wisconsin.

3. Upon information and belief, Christopher J. Koleno is a citizen and resident of the Village of Elkhart Lake, Wisconsin.

1

4. Upon information and belief, Christopher A. Koleno, Sr., now deceased, was a citizen and resident of the Village of Elkhart Lake, Wisconsin.

5. This is an action for declaratory judgment pursuant to 28 U.S.C.A. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, for the purpose of determining the rights and obligations between the parties.

## II.

## JURISDICTION AND VENUE

6. This Court has diversity jurisdiction over the subject matter of this case under 28 U.S.C.A. § 1332(a). The matter in controversy exceeds, inclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00), and is between citizens of different states.

7. Venue is proper in this division of the Eastern District of Wisconsin pursuant to 28 U.S.C.A. §§ 1391(b)(1) and (2), as the defendants are citizens of Sheboygan County, Wisconsin and a substantial part of the events giving rise to the claim occurred in this judicial district.

## III.

## FACTUAL ALLEGATIONS

8. Lancer issued a policy of Commercial General Liability insurance ("CGL Policy") to the named insured, Personalized Coaches, Inc., under policy number GL157614#5, with effective dates of coverage from July 22, 2015 through July 22, 2016. A true and accurate certified copy of the CGL Policy is attached hereto and marked as Exhibit "A."

2

9. Lancer issued a policy of Business Auto Liability insurance ("Auto Policy") to the named insured, Personalized Coaches, Inc., under policy number BA163962#5, with effective dates of coverage from July 22, 2015 through July 22, 2016. A true and accurate certified copy of the Auto Policy is attached hereto and marked as Exhibit "B."

10. Upon information and belief, Personalized is in the business of providing coach and charter bus services and owns several coach buses as a part of its business operation.

11. Upon information and belief, at all relevant times hereto, Personalized owned a 1995 MCI charter bus identified by vehicle identification number 1M8SDMMA1SP047041 ("the Bus").

12. The Bus was not scheduled or otherwise listed or identified on the Auto Policy on February 29, 2016.

13. Upon information and belief, Christopher J. Koleno was an employee of Personalized at all relevant times.

14. Upon information and belief, Christopher A. Koleno, Sr. was the son of Christopher J. Koleno.

15. On or about February 29, 2016, Christopher J. Koleno and Christopher A. Koleno, Sr. were performing work and/or maintenance on the Bus at Personalized's place of business.

16. Upon information and belief, while Christopher J. Koleno and Christopher A. Koleno, Sr. were performing work and/or maintenance on the Bus, the Bus rolled forward causing personal injury to Christopher J. Koleno and killing Christopher A. Koleno, Sr.

17. On March 25, 2016, Lancer issued a Reservation of Rights letter to Personalized for any claims asserted, or to be asserted, by Christopher J. Koleno. A true and accurate copy of the Reservation of Rights letter is attached hereto and marked as Exhibit "C."

18. Christopher J. Koleno and the Estate of Christopher A. Koleno, Sr. have been named as parties herein to answer as their interests may appear.

## IV.

## DECLARATORY JUDGMENT

19. An insurance coverage dispute exists regarding Lancer's duties under the CGL and Auto Policies and duties to defend and indemnify Personalized for any claims or suits presented, or to be presented by Christopher J. Koleno and the Estate of Christopher A. Koleno, Sr.

20. The CGL Policy contains the following relevant terms, conditions, provisions, exclusions and limitations:

> **SECTION I – COVERAGES**
>
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
> > a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence"

and settle any claim or "suit" that may result. . . .

* * *

**2. Exclusions**

This insurance does not apply to:

* * *

    e.    Employer's Liability

"Bodily injury" to:

    (1)    An "employee" of the insured arising out of and in the course of:
        (a)    Employment by the insured; or
        (b)    Performing duties related to the conduct of the insured's business; or
    (2)    The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

* * *

    g.    Aircraft, Auto Or Watercraft

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

*  *  *

**COVERAGE C MEDICAL PAYMENTS**

1. **Insuring Agreement**

    a.  We will pay medical expenses as described below for "bodily injury" caused by an accident:

    (1) On premises you own or rent;
    (2) On ways next to premises you own or rent; or
    (3) Because of your operations; provided that:

    (a) The accident takes place in the "coverage territory" and during the policy period;
    (b) The expenses are incurred and reported to us within one year of the date of the accident; and
    (c) The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

    *  *  *

2. **Exclusions**

    We will not pay expenses for "bodily injury":

    a.  Any Insured

    To any insured, except "volunteer workers".

    b.  Hired Person

    To a person hired to do work for or on behalf of any insured or a tenant of any insured.

    *  *  *

    d.  Workers Compensation and Similar Law

    To a person, whether or not an "employee" of any insured, if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

\* \* \*

    g.    Coverage A Exclusions

Excluded under Coverage A.

\* \* \*

**Section II – Who Is An Insured**

1.    If you are designated in the Declaration as:

\* \* \*

    d.    An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insured, but only with respect to their duties as your officers or directors. Your stockholders are also insured, but only with respect to their liability as stockholders.

\* \* \*

2.    Each of the following is also an insured:

    a.    Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insured for:

        (1)    "Bodily injury" or "personal and advertising injury":

            (a)    To you, to your partners or members (if you are a partnership or join venture), to your members (if you are a limited liability company), to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business, or to your other "volunteer workers" while performing duties related to the conduct of your business;

            (b)    To the spouse, child, parent, brother or sister of that co-"employee" or "volunteer

7

worker" as a consequence of Paragraph (1)(a) above;

(c) For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in Paragraph (1)(a) or (b) above; or

* * *

**SECTION V – DEFINITIONS**

2. Auto means:
    a. A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

5. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

21. No liability or medical payments coverage exists under the CGL Policy for any claim presented by Christopher J. Koleno or the Estate of Christopher A. Koleno, Sr.

22. The Auto Policy contains the following relevant terms, conditions, provisions, exclusions, limitations, and endorsements:

**SECTION I – COVERED AUTOS**

Item Two of the Declarations shows the "autos" that are covered "auto" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

**A. DESCRIPTION OF COVERED AUTO DESIGNATIONS**

Symbol 7 - Specifically Described Autos

Only those "autos" described in ITEM THREE of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to any power unit described in ITEM THREE).

Symbol 8 - Hired Autos

Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent, or borrow from any of your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households.

Symbol 9 - Nonowned Autos

Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "autos" owned by your "employees", partners (if you are a partnership), members (if you are a limited liability company), or members of their households but only while used in your business or your personal affairs.

**SECTION II – LIABILITY COVERAGE**

**A. COVERAGE**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

\* \* \*

1. **Who Is An Insured?**

   The following are "insureds":

   a. You for any covered "auto".
   b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

   \* \* \*

**B. Exclusions**

   This insurance does not apply to any of the following:

   \* \* \*

3. Workers' Compensation
   Any obligation of which the "insured" or the "insured's" insurer may be held liable under any workers'

compensation, disability benefits or unemployment compensation law or any similar law.

4. Employee Indemnification And Employer's Liability
"Bodily injury" to:
a. An "employee" of the "insured" arising out of and in the course of:
(1) Employment by the "insured"; or
(2) Performing the duties related to the conduct of the "insured's" business; or
b. The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph a. above.
This exclusion applies:
(1) Whether the "insured" may be liable as an employer or in any other capacity; and
(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

5. Fellow Employee
"Bodily Injury" to:
a. Any fellow "employee" of the "insured" arising out of an in the course of the fellow "employee's employment or while performing duties related to the conduct of your business; or
b. The spouse, child, parent, brother or sister of that fellow "employee" as a consequence of Paragraph a. above.

\* \* \*

**SECTION V – DEFINITIONS**

F. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

\* \* \*

**ENDORSEMENT – FORM MCS-90B**

\* \* \*

In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment received against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to financial responsibility requirements of Section 18 of the Bus Regulatory Reform Act of 1982 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs

on any route or in any territory authorized to be served by the insured or elsewhere. Such insurance as is afforded, for public liability, does not apply to injury to or death of the insured's employees while engaged in the course of their employment, or property transported by the insured, designated as cargo. It is understood and agreed that no condition, provision, stipulation or limitation contained in the policy, this endorsement, or any other endorsement thereon, or violation thereof, shall relieve the company from liability or from the payment of any final judgment, within the limits of liability herein described, irrespective of the financial condition, insolvency or bankruptcy of the insured.

* * *

However, all terms, conditions, and limitations in the policy to which the endorsement is attached shall remain in full force and effect as binding between the insured and company. The insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provision of the policy except for the agreement contained in this endorsement.

* * *

**FORM F – UNIFORM MOTOR CARRIER BODILY INJURY AND PROPERTY DAMAGE LIABILITY INSURANCE ENDORSEMENT**

It is agreed that:

1. The certification of the policy, as proof of financial responsibility under the provisions of any State motor carrier law or regulations promulgated by any State Commission having jurisdiction with respect thereto, amends the policy to provide insurance for automobile bodily injury and property damage liability in accordance with the provisions of such law or regulations to the extent of the coverage and limits of liability required thereby; provided only that the insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except by reason of the obligation assumed in making such certification.

* * *

23. No liability coverage exists under the Auto Policy for any claim presented by Christopher J. Koleno or the Estate of Christopher A. Koleno, Sr.

24. No obligation exists pursuant to the MCS-90 Endorsement to the Auto Policy to indemnify Personalized for any claim presented by Christopher J. Koleno or the Estate of Christopher A. Koleno, Sr.

25. No obligation exists pursuant to Wisconsin Form F Endorsement to in indemnify Personalized for any claim presented by Christopher J. Koleno or the Estate of Christopher A. Koleno, Sr.

26. Lancer seeks a declaration that no coverage exists under the CGL Policy or Auto Policy for claims against Personalized, and that Lancer owes no duty to defend or indemnify Personalized for any sums owed to Christopher J. Koleno or the Estate of Christopher A. Koleno, Sr. for claims arising from this incident.

WHEREFORE, plaintiff, Lancer Insurance Company, respectfully requests that the Court enter a Declaratory Judgment against the defendants, Personalized Coaches, Inc., Christopher J. Koleno, and the Estate of Christopher A. Koleno, Sr., declaring their respective rights, status and legal obligations as follows:

   a. There is no liability or medical payments coverage under the Lancer CGL Policy for any claims or suits arising from the incident, including any claims for defense or indemnification made by Personalized for claims asserted, or to be asserted, by Christopher J. Koleno and/or the Estate of Christopher A. Koleno, Sr.

b. There is no coverage under the Lancer Auto Policy for any claims or suits arising from the incident, including any claims for defense or indemnification made by Personalized for claims asserted, or to be asserted, by Christopher J. Koleno and/or the Estate of Christopher A. Koleno, Sr.

c. There is no coverage under the MCS-90B Endorsement to the Lancer Auto Policy for any claims or suits arising from the incident, including any claims for defense or indemnification made by Personalized for claims asserted, or to be asserted, by Christopher J. Koleno and/or the Estate of Christopher A. Koleno, Sr.

d. There is no coverage under the Wisconsin Form F Endorsement to the Lancer Auto Policy for any claims or suits arising from the incident, including any claims for defense or indemnification made by Personalized for claims asserted, or to be asserted, by Christopher J. Koleno and/or the Estate of Christopher A. Koleno, Sr.

e. Plaintiff is entitled to recover the costs of this declaratory judgment action; and for such other and further relief as this Court may deem just and appropriate.

Dated: July 22, 2016.

s/Jay R. Starrett
Jay R. Starrett
State Bar No. 1011278
Attorneys for Plaintiff
SCOPELITIS GARVIN LIGHT HANSON
& FEARY P.C.
330 East Kilbourn Avenue, Suite 827
Milwaukee, WI 53202
Telephone: (414) 219-8500
Fax: (414) 278-0618
E-Mail: jstarrett@scopelitis.com
4838-0873-2469, v. 1